## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE:<br><br>MARIO SAMUEL LEVIS,<br><br>DEBTOR. | CASE NO. 14-02953 (EAG)<br><br>CHAPTER 11 |
| MARIO SAMUEL LEVIS,<br>JOVIANA N. RAMOS LUGO,<br><br>PLAINTIFFS,<br><br>v.<br><br>JAIME SÁNCHEZ RIVERA,<br>VANESSA BAERGA-ORTIZ,<br>the CONJUGAL PARTNERSHIP constituted<br>between JAIME SÁNCHEZ RIVERA and<br>VANESSA BAERGA-ORTIZ,<br>HÉCTOR BAERGA LIZARDI,<br>MARÍA DE LOS ÁNGELES ORTIZ<br>the CONJUGAL PARTNERSHIP constituted<br>between HÉCTOR BAERGA LIZARDI and<br>MARÍA DE LOS ÁNGELES ORTIZ, and<br>M/V PURUCA,<br><br>DEFENDANTS. | ADV. PROCEEDING NO. 15-00108<br><br><br><br><br><br>FILED & ENTERED ON 3/24/2017 |

## OPINION AND ORDER

Plaintiffs Mario Samuel Levis and his spouse Joviana N. Ramos Lugo filed the adversary proceeding of caption against in rem defendant the M/V Puruca; in personam defendants Jaime Sánchez-Rivera, Vanessa Baerga Ortiz, and their conjugal partnership; and Héctor Baerga Lizardi, María de los Ángeles Ortiz, and their conjugal partnership to turnover property and money to the estate.

The plaintiffs are foreclosing a preferred ship mortgage over the M/V Puruca and collecting monies owed by the individuals defendants under loan documents. The defendants admit they owe the amounts due, but take issue with a clause in one of the promissory notes which provides for the payment of ten percent of the note's principal for expenses, costs, disbursements, and attorneys' fees in case of a default in payment. The parties agree that the provision constitutes a penalty clause withing the meaning of Puerto Rico law. The only issue before the court is whether the penalty imposed by the clause is excessive and warrants the court's intervention to modify it. For the reasons discussed below, the defendants' request is denied.

## I. JURISDICTION

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. PROCEDURAL BACKGROUND

Plaintiff Mario Samuel Levis filed on April 11, 2014 a voluntary petition under chapter 11 of the Bankruptcy Code, which was docketed as case 14-02953. [Bankr. Dkt. No. 1.] On April 21, 2015, Mr. Levis commenced this adversary proceeding. [Adv. Dkt. No. 1.]

On April 27, 2015, plaintiff Levis moved the court for a writ of entry for inspections and

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section"and "§" refer to title 11 of the United States Code, 11 U.S.C. §§ 1010-1532, as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

appraisal of the vessel and seeking a protective order to avoid its diminution in value. [Adv. Dkt. No. 18.] On June 11, 2015 the court granted the same. [Adv. Dkt. Nos. 25 & 26.]

On June 26, 2015, the defendants filed a motion to dismiss for failure to include Mr. Levis' spouse as an indispensable party to the complaint. [Adv. Dkt. No. 36.] Plaintiff Levis opposed and the defendants replied to his opposition. [Adv. Dkt. Nos. 38 & 54.] At the initial scheduling conference held on September 25, 2015, the plaintiff agreed to amend the complaint in order to include his spouse as co-plaintiff and the defendants consented to service of process through counsel. [Adv. Dkt. Nos. 58-60.]

The plaintiffs filed their amended complaint on October 1, 2015. [Adv. Dkt. No. 61.] The defendants filed their answer to the amended complaint on October 26, 2015. [Adv. Dkt. No. 73.] On February 21, 2016, the plaintiffs filed certified translations of the loan documents attached to their complaint. [Adv. Dkt. No. 75.] On June 14, 2016, the court scheduled a pretrial conference for August 19, 2016. [Adv. Dkt. No. 77.]

On August 17, 2016, the parties filed their joint pretrial report. [Adv. Dkt. No. 83.] At the pretrial hearing, the parties were granted 30 days to inform the court as to the reconciliation of the debt as well as any additional stipulated facts for trial. [Adv. Dkt. Nos. 85 & 86.] The court scheduled the trial for November 4, 2016. [Id.]

On September 26, 2016, the defendants filed a motion in compliance with the court's order with a reconciliation of the debt owed to the plaintiffs. [Adv. Dkt. No. 90.] On October 23, 2016, the plaintiffs filed a motion requesting the cancellation of the trial and a ruling as to their entitlement to interest and the 10% penalty. [Adv. Dkt. No. 91.] On October 28, 2016, the defendants consented to the cancellation of trial and requested an extension of time to address the remaining issues raised by the plaintiffs. [Adv. Dkt. No. 94] On November 21, 2016, the

defendants filed their response. [Adv. Dkt. No. 108.] On December 4, 2016, the plaintiffs replied. [Adv. Dkt. No. 110.]

### III. UNCONTESTED FACTS

The following facts are undisputed as found in the record of this case and the pretrial report filed by the parties at docket number 83:

On June 26, 2007, the plaintiffs and defendants executed a boat purchase and sale agreement for the sale of the M/V Puruca, then known as Anna Victoria, to the defendants. [Joint Statement of Uncontested Facts ("Joint SUF") at ¶ 1, Adv. Dkt. No. 83; Exhibit 2, Adv. Dkt. No. 61, pp. 1-6; Certified Translation at Adv. Dkt. No. 75-1.] Pursuant to the purchase and sale agreement, the total purchase price was $2,025,000. [Joint SUF at ¶ 4, Adv. Dkt. No. 83; Adv. Dkt. No. 75-1, p. 2.] Under the agreement, the defendants would make the following payments: a first payment of $700,000 made on the date of the execution, a second payment of $300,000, and a third payment of $100,000 payable on or before June 30, 2008, accruing interest at a rate of 7% annually. [Adv. Dkt. No. 75-1, p. 2.] The remaining $925,000 of the sale price would be paid on or before July 15, 2014, accruing interest at a rate of 8.25% annually, pursuant to the terms of a promissory note executed by the defendants on June 28, 2007. [Joint SUF at ¶ 2, Adv. Dkt. No. 83; Adv. Dkt. No. 61-2, pp. 13-19. ]

The $925,000 promissory note includes a clause reads as follows:

> In the case recourse to the courts by the holder of this Note becomes necessary, including but not limited to, the filing of a proof of claim or other proceedings under the Acts of Congress relating to Bankruptcy proceedings, in order to collect the whole or any portion of the principal and interest due on this Note, the undersigned agrees to pay a liquidated sum equal to Ten Per Cent (10%) of the claims sued for or demanded, but not to exceed Ten Per Cent (10%) of the principal sum of this Note, to cover expenses of such proceedings, court costs, disbursements and attorney's fees which amount will immediately become due and payable upon the filing and commencement of such proceedings, as a fixed and liquidated amount, and without necessity for judicial

assessments, determination or review.

[Exhibit 2, Adv. Dkt. No. 61, pp. 13-14.]

The defendants took possession of the M/V Puruca contemporaneous to the execution of the loan documents. [Joint SUF at ¶ 3, Adv. Dkt. No. 83.] The first preferred mortgage was registered with the United States Department of Homeland Security, U.S. Coast Guard. [Joint SUF at ¶ 5, Adv. Dkt. No. 83.] The M/V Puruca is presently in the custody of the individuals defendants in Puerto Rico. [Joint SUF at ¶ 9, Adv. Dkt. No. 83.]

On April 11, 2014, plaintiff Levis filed petition for relief under chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the District of Puerto Rico. [Bankr. Dkt. No. 1; Joint SUF at ¶ 6, Adv. Dkt. No. 83.] And, on October 31, 2014, the defendants entered into a supplemental agreement with the plaintiffs, which modifies certain terms and conditions of the payments due to the plaintiffs. [Joint SUF at ¶ 7, Adv. Dkt. No. 83; Exhibit 3, Adv. Dkt. No. 61-3.]

As of April 1, 2015, the individual defendants owed the estate $961,479.29, which includes $814,007.29 in principal on the $925,000 note due as September 15, 2014; $100,000 in principal due as of June 30, 2008; and $47,772 in accumulated interest at a rate of 7% on the $100,000 from June 30, 2008 to April 2015. [Adv. Dkt. No. 83 at ¶ 47; Adv. Dkt. No. 90 at ¶ 2.] The individual defendants also owe payments not made under the supplemental agreement totaling $59,688.66, which includes $25,580.96 for October 2014 to January 2015, $19,185.72 for February 2015 to April 2015, and $14,922.18 for the 25% remaining unpaid for the seven months from October 2014 to April 2015. [Adv. Dkt. No. 83 at ¶ 48; Adv. Dkt. No. 90 at ¶ 2.] In addition, the individual defendants owe 8.25% interest per annum under the $925,000 note on the debt that was to be paid in installments/balloon and 7% interest rate on the $100,000

payment due on June 30, 2008. [Adv. Dkt. No. 83 at ¶ 49; Adv. Dkt. No. 108 at ¶ 4.]

## IV. APPLICABLE LAW AND DISCUSSION

The only controversy before the court is the defendants' request to reduce the $92,500 penalty in the $925,000 promissory note to $25,000. [Adv. Dkt. No. 108, ¶¶ 4 & 14.]

In Puerto Rico, "it is possible to agree upon obligations with penal clauses." Rochester Capital Leasing Corp. v. Williams Int'l Ltd., 3 P.R. Offic. Trans. 226, 233, 103 P.R. Dec. 163 (1974). Under Article 1106 of the Puerto Rico Civil Code, "[i]n obligations with a penal clause the penalty shall substitute indemnity for damages and the payment of interest in case of nonfulfilments, should there be no agreement to the contrary." P.R. Laws. Ann. tit. 31, § 3131. A penal clause releases the creditor from proving damages. Consolidated Mortgage & Fin. Corp. v. Cooley, 3 P.R. Offic. Trans. 9, 14, 103 P.R. Dec. 6 (1974). Penalty clauses are punitive and provide security to creditors by "penaliz[ing] a debtor's nonperformance of the obligation by making the same more burdensome and increasingly onerous for the debtor." In re Mercado, 458 B.R. 645, 654 (Bankr. D.P.R.2011) (citing Jack's Beach Resort v. Compañía de Turismo de P.R., 12 P.R. Offic. Trans. 430, 112 P.R. Dec. 344 (1982)).

But, Article 1108 allows the court to modify a penalty clause "if the principal obligation should have been partly or irregularly fulfilled by the debtor." P.R. Laws. Ann. tit. 31, § 3133. Such modification is reserved for "extremely harsh circumstances" and "must be arrived at only in extraordinary circumstances as a means of mitigating its excessive onerousness for the obligee, or the alarming lack of proportion." Jack's Beach Resort, 12 P.R. Offic. Trans. at 438. Specifically, the mitigation of attorneys' fees pursuant to a penalty clause, "should be geared to an adjustment that, without eliminating the penal nature of the clause, reduces the penalty to make it proportional to the degree of fault and the magnitude of the harm caused." Jack's

Beach Resort, at 441. "[T]he burden of demonstrating lack of proportion between the breach and the penalty [is] on the debtor." In re Mercado, 473 B.R. 853, 863 (B.A.P. 1st Cir. 2012).

The defendants ask the court to take into account that they have partly or irregularly complied with their obligations under the loan documents to reduce the penalty to $25,000, which they deem enough to retain its punitive nature. [Adv. Dkt. No. 108, at ¶ 14.] They allege to have complied with their obligations under the loan documents for seven years by paying in excess of $1,000,000 of the $2,025,000 total purchase price for the M/V Puruca. [Id. ¶¶ 12-14.]

In support of their position, the defendants cite to the Jack's Beach Resort, Inc. case, where the Supreme Court of Puerto Rico significantly reduced a penalty in a contract upon a showing of "oppression, lack of proportion in the penalty, and . . . extremely unfair consequences." 12 P.R. Offic. Trans. at 439. However, Jack's Beach Resort, Inc. presented extreme facts and circumstances—not present in this case—justifying the modification of the penalty clause. Id.

The plaintiffs oppose to the reduction arguing that they have incurred in more than $60,000 in attorneys fees in the collection of this debt and that significant additional fees and expenses are anticipated post-judgment for the sale of the M/V Puruca and the collection of a deficiency judgment. [Adv. Dkt. No. 110, ¶¶4-6.] The plaintiffs further contend that the defendants have failed to establish the onerousness element required to justify the moderation of the clause, which should only be done in extraordinary or extremely harsh circumstances. [Id., ¶12.] The court agrees.

Aside from stating that they partly complied with the obligations under the loan documents, the defendants have not carried their burden to prove the unreasonableness or

unfairness of the penalty and have failed to establish what extraordinary circumstances warrant the intervention of this court under the analysis required by the Puerto Rico Supreme Court in Jack's Beach Resort. 12 P.R. Offic. Trans. at 438. The court also notes that while the total purchase price for the M/V Puruca was $2,025,000, the penalty clause herein contested is circumscribed to the $925,000 promissory note, out of which is uncontested that $814,007.29 are unpaid. As such, the court finds that there is no disproportion between the defendants' default under the promissory note and the penalty imposed under the same.

## V. CONCLUSION

For the reasons discussed above, the court denies the defendants' request [at docket number 108] to reduce the penalty under the $925,000 promissory note.

In Ponce, Puerto Rico, this 24th day of March 2017.

Edward A. Godoy
U.S. Bankruptcy Judge